**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Joseph Barnett,<br><br>1416 2nd Street<br>Santa Monica, CA 90401<br><br>Plaintiff,<br><br>v.<br><br>U.S. Citizenship and Immigration Services,<br><br>Office of the Chief Counsel<br>5900 Capital Gateway Drive<br>Mail Stop 2120<br>Camp Springs, MD 20588-0009,<br><br>U.S. Department of State,<br><br>Suite 5.600, 600 19th Street NW,<br>Washington DC, 20522<br><br>Defendants. | C/A No.: 1:26-cv-1261 |

**COMPLAINT**

Congress mandated federal agencies respond to requests under the Freedom of Information Act within 20 business days. Defendant U.S. Citizenship and Immigration Services knowingly defies this deadline, claiming a 10-day extension as boilerplate language in each of its initial responses. And Defendant U.S. Department of State similarly plans to violate this deadline, claiming every request constitutes an "unusual circumstance." This suit is Congress's mechanism to check the executive. For the reasons below, this Court should order Defendants to respond to Plaintiff's request and order them to pay reasonable attorney's fees to incentivize compliance with Congress's mandatory deadlines.

## PARTIES

1. Plaintiff Joseph Barnett is a United States citizen domiciled in Santa Monica, California.

2. Defendant United States Citizenship and Immigration Services ("USCIS") is a federal agency within the U.S. Department of Homeland Security that enforces federal laws over immigration benefits. Defendant USCIS is the custodian of the records sought in one of the Plaintiff's Freedom of Information Act ("FOIA") requests.

3. Defendant United States Deaprtment of State ("DOS") is a cabinet level feeral agency. DOS is the custodian of the records sought in one of the Plaintiff's FOIA requests.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B).

5. This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7. Venue is proper in this District over all claims involving the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

8. FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

9. In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents. 5 U.S.C. § 552(a)(6)(A).

10. An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

11. The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

12. An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

13. An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

14. An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

15. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

16. A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

17. Plaintiff Joseph Barnett ("Barnett") is an immigration attorney who represents clients at all stages of the immigration process.

18. Barnett files FOIA requests on behalf of his clients, client bases, and the community of

immigration professionals.

19. The purpose of these requests is to acquire information to hold USCIS and DOS accountable.

*Request 1*

20. On May 14, 2025, Barnett filed a FOIA request with USCIS seeking the following documents:

> • All email communications sent or received by Alissa Emmel from May 22, 2022, to the date of production, relating to or referencing the "Concurrent Adjustment of Status" or Section 245(n) of the Immigration and Nationality Act, including but not limited to communications with Karen Karas, Paul Egan, Todd Young, Andrew Diroll-Black, Kevin Muck, and any other personnel within USCIS, USCIS' Office of Legal Counsel, U.S. Department of State, U.S. Department of Justice.
> • All memoranda, policy guidance, working group documents, and internal presentations referring to or explaining the "Concurrent Adjustment of Status" or Section 245(n) of the Immigration and Nationality Act, including any records reflecting the goals, scope, procedures, staff involvement, or legal authority relied upon for this initiative.
> • All documentation concerning "Concurrent Adjustment of Status" or Section 245(n) of the Immigration and Nationality Act including but not limited to templates, review guidelines, policy memoranda, and email correspondence directing USCIS officers to accept Form I-485s concurrently with new EB-5 petitions
> • Any communications or documents between USCIS and the Department of State, from May 22, 2022, through the date of production, regarding the creation of the new EB-5 reserved visa categories – rural, high unemployment, and infrastructure – and selection of visa category by immigrant investors.
> • All USCIS training materials, manuals, policy memos, or slide decks discussing the use of "Concurrent Adjustment of Status" or Section 245(n) of the Immigration and Nationality Act, especially materials that discuss the legal or procedural basis for dual approval codes and visa classifications in Form I-526E and Form I-526 approval notices.
> • All records that discuss dual approval codes and visa classifications in Form I-526E and Form I-526 approval notices, including who authorized its creation, how USCIS is to process, how funding or resources are to be allocated, and any legal review of its consistency with statutory or regulatory authorities (e.g., 8 C.F.R. § 214.3(g)).
> • A report listing how many Form I-485s were approved based on EB-5 classification in FY 2023, 2024, and 2025, to date? I would like a breakdown, on a monthly basis, for all fiscal years, also broken down by visa category (unreserved, rural, high unemployment, and infrastructure).

21. USCIS acknowledged the request on May 30, 2025, and assigned it control number COW2025003465.

22. USCIS Claimed a 10 business day extension, but failed to provide any support for such an extension.

23. USCIS has failed to respond to this request. It has been pending 225 days.

*Request 2*

24. Barnett filed the following detailed FOIA request with USCIS:

> A list of all Form I-956F, Application for Approval of an Investment in a Commercial Enterprise that have been denied by USCIS to date, including (a) Receipt number, (b) Regional Center name, (c) Name of the associated NCE or project (if applicable), (d) Date of denial, (e) basis for denial or reference to applicable denial code or memo (if available), sorted by date of denial. I am willing to accept a spreadsheet, summary report, or any other reasonably accessible format. I also request copies of each Form I-956F denial notice issued to Regional Center applicants to date.

25. USCIS responded on September 9, 2025, with a control number of COW2025004445, claiming that this request did not provide enough dtail to enable USCIS to locate the requested documents with a reasonable search.

26. Barnett filed an administrative appeal on September 17, 2025. USCIS assigned the appeal control number: APP2026005697.

27. Since filing the appeal, USCIS has not responded.

28. It’s been pending now 139 days.

29. This is a constructive denial.

*Request 3*

30. On January 30, 2026, Barnett filed the following FOIA request with USCIS:

> A monthly breakdown of I-526E receipts and approvals through January 30, 2026,

> based on EB-5 visa category (rural, infrastructure, and high unemployment area), and nationality of petitioner.

31. On January 30, 2026, USCIS acknowledged Barnett's request and assigned it control number COW2026001179REQ.

32. In its response, USCIS claimed this request was unusual and it would require an additional 10 business days; it did not explain why this narrow request would require additional time.

33. This FOIA Request has been pending with USCIS for 51-business days not counting federal holidays or weekends.

*Request 4*

34. Similarly, on January 28, 2026, Barnett filed the following FOIA request with DOS:

> Records, data, reports, spreadsheets, memoranda, cables, emails, and/or internal communications reflecting the following:
>
> 1. EB-5 Immigrant Visa Usage: Monthly EB-5 immigrant visa issuances worldwide, broken down by: Fiscal Year 2025 and Fiscal Year 2026 to date Consular post Visa classification (including set-aside categories and unreserved visas) EB-5 immigrant visa usage totals through December 31, 2025.
>
> 2. EB-5 Interview Scheduling and Capacity: Records reflecting EB-5 immigrant visa interview scheduling capacity, utilization, and/or projections at U.S. consular posts, including but not limited to: Guangzhou (GUZ) Ho Chi Minh City (HCMC) o Records distinguishing between pre–RIA EB-5 interviews and RIA set-aside EB-5 interviews, including the number of interviews scheduled and conducted.
>
> 3. Demand, Backlog, and Forecasting: Internal analyses, reports, or communications regarding: Anticipated EB-5 visa demand for Fiscal Year 2026 Projected EB-5 immigrant visa usage by category Concerns, assessments, or planning related to potential visa backlogs or Final Action Date movement for EB-5 categories.
>
> 4. Coordination With USCIS: Records reflecting coordination or data sharing between the Department of State and U.S. Citizenship and Immigration Services regarding EB-5 adjustment of status usage or projections during Fiscal Year 2025 and Fiscal Year 2026.

35. DOS received it on January 28, 2026, and assigned it receipt number F-2026-12786.

36. DOS also claimed this request involved "unusual circumstances" and, therefore, it would not meet the statuory deadline. It however gave no indication of when it would actually respond or whether it would actually respond.

37. This request has now been pending 53 business days.

38. Finally, Barnett filed a FOIA request with USCIS

**FIRST CAUSE OF ACTION**
**(Failure to Respond to Request Within Statutory Timeframe)**

39. Plaintiff filed the above referenced FOIA requests and USCIS and DOS has failed to respond to any.

40. USCIS and DOS has unlawfully withheld all requested documents. 5 U.S.C. § 552(a)(6)(A)(i).

41. Plaintiff is entitled to an order compelling USCIS and DOS to provide all of the requested documents for all three requests. 5 U.S.C. § 552(a)(4)(B).

42. Plaintiff is entitled to reasonable attorney's fees and costs even if USCIS and/or DOS settles this claim by producing the documents during litigation. 5 U.S.C. § 552(a)(4)(E)(i).

**SECOND CAUSE OF ACTION**
**(Failure to Produce Responsive Records)**

43. USCIS and DOS failed to make reasonable efforts to search for records responsive to the FOIA request identified above, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(3).

44. USCIS and DOS failed to disclose and produce any records responsive to the four requests, in violation of the Plaintiff's rights to those records under FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A).

45. USCIS and DOS failed to disclose and produce any records responsive to the requests without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A).

46. The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

47. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

48. Find that USCIS's and DOS's failure to respond or disclose records timely was unlawful;

49. Order USCIS and DOS to search for and promptly disclose all records responsive to the Plaintiff's requests; and

50. Award the Plaintiff's attorneys' fees and costs.

April 14, 2026

Respectfully submitted,

s/Brad Banias
BRAD BANIAS
Banias Law, LLC
602 Rutledge Avenue
Charleston, South Carolina 29403
brad@baniaslaw.com
843.352.4272
SC Bar No.: 76653
D.D.C. No.: SC0004

Attorney for the Plaintiff